UNITED STATES COURT
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES  DISTRICT COURT

9

Northern District of California

10

San Francisco

11

KAREN KRUSHWITZ,

No. C 11-04676 LB

12

Plaintiff(s),

13

v.

14

UNIVERSITY OF CALIFORNIA AT
BERKELEY,

15

Defendant(s).

16

_____/

**SCHEDULING ORDER; NOTICE
REGARDING LEGAL HELP DESK,
*HANDBOOK FOR LITIGANTS
WITHOUT A LAWYER,* AND LEGAL
STANDARDS FOR SUMMARY
JUDGMENT MOTIONS**

17

**I.  SCHEDULING ORDER**

18    In reviewing the docket, the court noticed another error.  The docket sheet reflects that the

19  court's standard notice to pro se litigants about the legal standards for summary judgment was sent to

20  Ms. Krushwitz on April 13, 2012.  *See* ECF No. 25.  But in clicking through to the electronic record,

21  it appears that the clerk accidentally re-filed the order allowing Ms. Krushwitz to proceed *in forma*

22  *pauperis.  Compare id.* to ECF No. 6 (identical earlier-filed notice).  The notice sent to Ms.

23  Krushwitz, however, did contain the court's *Handbook for Litigants Without a Lawyer* and the flyer

24  for the court's Legal Help Center.  *See* Attachment to ECF No. 25.

25    The court's standard notice is required for prisoners proceeding *pro se.  See, e.g., Rand v.*

26  *Rowland*, 154 F.3d 952, 955-56 (9th Cir. 1998( (en banc); *Klingele v. Eikenberry*, 849 F.2d. 409,

27  411-12 (9th Cir. 1988).  But as the Rutter Guide points out, providing special notice to a pro se

28  opponent provides benefits.  *See* William W. Schwarzer, A. Wallace Tashima & James M.

1  Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 14:73.3 (The Rutter Group 2012).   And

2  given that the court tried to give notice here, the court determines that there is a value in issuing the

3  notice properly and giving Ms. Krushwitz an opportunity -- with the benefit of the notice -- to

4  resubmit her opposition if she wants to.

5      Accordingly, the court vacates the hearing set for July 5, 2011.  Ms. Krushwitz may do one of

6  two things.  First, she may file an new opposition and a new declaration.  If she does this, she should

7  state in the opening paragraph of her new opposition that she is withdrawing her previously-filed

8  opposition and declaration that are reflected in the clerk's docket at entries. 36 and 37.  Second, and

9  alternatively, she may file a notice that she elects to rely on her existing filings.  If Ms. Krushwitz

10 files a new opposition, the University may file a new optional reply one week later.  It also may rely

11 on its existing reply (and should file a notice advising the court of that decision).

12     The revised schedule is as follows:

| Date | Event |
| --- | --- |
| July 19, 2012: | Ms. Krushwitz's Opposition or Notice Due |
| July 26, 2012: | University's Reply or Notice Due |
| August 16, 2012, 11 a.m.: | Hearing |
| November 16, 2012: | New ADR deadline |

18 If the new hearing date is not convenient for the parties, they may confer on a better date and

19 contact courtroom deputy Lashanda Scott at 415-522-3140 to schedule a better date.  Absent further

20 order of the court, the filing deadlines will remain the same.

21 **II.  NOTICE TO PRO SE LITIGANT**

22     Because you are representing yourself in this case, the Court issues this notice to you about legal

23 resources available to you and the legal standard that applies to summary judgment motions.

24 **A.  Resources Available to You**

25     The court previously sent you a copy of the district court's *Handbook for Litigants Without a*

26 *Lawyer*.  *See* Attachment to ECF No. 25.  It also is available on the court's website at

27 http://www.cand.uscourts.gov/prosehandbk.  The handbook provides instructions on how to proceed

28 at every stage of your case, including discovery, motions, and trial.

SCHEDULING ORDER AND NOTICE
C 11-04676 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Also, you may wish to seek assistance from the Legal Help Center, a free service of the

2  Volunteer Legal Services Program, by calling 415-782-9000, extension 8657, or by signing up for

3  an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate

4  Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an

5  attorney who may be able to provide basic legal help but not representation.  The court previously

6  provided you with a copy of the Legal Help Center's flyer.  *Id.*

7  **B.  Summary Judgment**

8  The following is a notice that this Court gives to litigants representing themselves when the other

9  files a motion for summary judgment.  Because your case has just been filed, no motion has been

10  filed yet, but this notice will explain to you the process if a motion is filed.

11  If the other party in this case files a motion for summary judgment, that motion -- if granted --

12  will result in the dismissal of your case.  Federal Rule of Civil Procedure 56 tells you what you must

13  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

14  granted when there is no genuine issue of material fact.  What that means is that if there is no real

15  dispute about any fact that would affect the result of your case, the party who asked for summary

16  judgment is entitled to judgment as a matter of law, which ends your case.  When a party you are

17  suing makes a motion for summary judgment that is properly supported by declarations (or other

18  sworn testimony),[1] you cannot just rely on what your complaint says.  Instead, you must set out

19  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as

20  provided in Rule 56(e), that contradict the facts in Defendant's declarations and documents and show

21  that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in

22  opposition, the Court might -- if it is appropriate -- enter summary judgment against you and in favor

23  of the other party.

24  _____

25  [1]  A declaration is a statement of facts.  The person making the declaration must know those
facts personally, and they must be facts that can be admitted into evidence.  That means that they

26  must be facts as opposed to conclusions, argument, opinion, or hearsay.  A declaration must be made
under penalty of perjury, which means that the person making the declaration must sign it and date

27  the declaration after the following statement:  "I declare under penalty of perjury that the foregoing

28  is true and correct.  Dated _____.  Signed _____."  "

UNITED STATES DISTRICT COURT
For the Northern District of California

1    If the Court grants summary judgment in favor of the other party, your case will be dismissed,

2    and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  You

3    should read Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

4    (which discusses how the party who opposes summary judgment must come forward with evidence

5    showing triable issues of material fact on every essential element of his claim).  If you do not file

6    your opposition, the Court still will consider whether summary judgment is appropriate under Rule

7    56, but your failure may be construed as consent by you to this Court's granting the other party's

8    motion for summary judgment.  That in turn will result in the dismissal of your case before trial.  *See*

9    *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*); *Brydges v. Lewis*, 18 F.3d 651,

10   653 (9th Cir. 1994).

11   Dated:  July 2, 2013                    _____

12                                           LAUREL BEELER
                                            United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28