UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KAREN KRUSHWITZ, | No. C 11-04676 LB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION |
| v. | |
| UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

# I. INTRODUCTION

Plaintiff Karen Krushwitz, proceeding *pro se*, brought this employment and disability discrimination lawsuit against the University of California at Berkeley ("University") under Title VII of the 1964 Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, alleging that the University terminated her unlawfully from her doctoral program in chemistry by not accommodating her disability. Compl., ECF No. 1.[1] The University moved for summary judgment on the ground that the statute of limitations bars the lawsuit. Answer, ECF No. 12; Mot. Summ. J., ECF No. 31. The court held a hearing on July 5, 2012, and ordered supplemental briefing and supplementation of the record regarding the statute of limitations. The court now grants the University's summary judgment motion.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER (C 11-04676 LB)

## II. BACKGROUND

**A. Facts**[2]

**1. Ms. Krushwitz's Discrimination Allegations**

Plaintiff Karen Krushwitz is a former doctoral student in the University's Department of Chemistry. Hawthorne Decl. ¶ 1, ECF No. 32 at 1; Krushwitz Decl., ECF No. 37 at 3. In 1989, Ms. Krushwitz was dismissed from the program. *See* Hawthorne Decl. Ex. D, ECF No. 32 at 11; Krushwitz Decl., ECF No. 37 at 3. In March 2003, the University readmitted Ms. Krushwitz conditionally, subject to her completing 12 units per term, passing five core courses, and maintaining a 3.0 GPA. Compl., ECF No. 1 at 3; Krushwitz Decl., ECF No. 37 at 12.

In November 2003, Ms. Krushwitz came down with mononucleosis and pneumonia, which required her to take time off from school. Compl., ECF No. 1 at 3. She alleges that one of her professors would not grant her a reasonable accommodation to take an exam, causing her to receive a grade of incomplete. *Id.* In another class, she received a failing grade, allegedly because the Chair of the Chemistry Department would not permit her to drop the class on account of her illness. *Id.* Because of these marks, she was placed upon academic probation. *Id.*

In Spring 2004, Ms. Krushwitz alleges that she developed symptoms of a condition later diagnosed as Aldosterone-Renin Axis Disease ("ARA Disease"). Compl., ECF No. 1 at 2-3; Krushwitz Decl., ECF No. 37 at 3. Ms. Krushwitz explains that, if not treated, ARA Disease causes "pain, fatigue, low stress threshold, and immune impairment" and the inability to concentrate for long periods of time. Compl., ECF No. 1 at 2-3. In Ms. Krushwitz's case, ARA Disease impaired her ability to travel to school and to concentrate for more than 40 minutes at a time. *Id.* at 4. In the Spring of 2004, however, she had been misdiagnosed with Cushing's Disease. *Id.*

---

[2] In a declaration in support of the University's summary judgment motion, the University's counsel explains that Ms. Krushwitz did not respond to the University's proposed Joint Separate Statement of Undisputed Material Facts. *See* Conant Decl., ECF No. 33, ¶¶ 10-12, Ex. G-H. Pages 12 to 15 of Ms. Krushwitz's Declaration include her responses to the University's proposed Joint Separate Statement of Undisputed Material Facts. *Compare* ECF No. 37 at 12-15 *with* Conant Decl. Ex. G, ECF No. 33 at 58; *and* Conant Decl., ¶¶ 10-11, ECF no. 33. To the extent Ms. Krushwitz agrees with the facts set forth in the University's proposed Joint Statement or otherwise in the briefing, the court considers them to be undisputed.

Ms. Krushwitz claims that the University discriminated against her by failing to accommodate her health conditions. For example, she claims that she contacted the University's Disability Student Program ("DSP") to request an accommodation. *Id.* She asked that she be permitted to take her exams at home, in 40-minute periods with a 2-hour break between periods. *Id.* The DSP allegedly told Ms. Krushwitz that such accommodations were not typically authorized. *Id.* Instead, the DSP offered to let her alternate between sitting and standing during class periods, agreed to grant her extensions on take-home assignments, and approved her use of a typist or note-taker. *Id.*

While the DSP did not grant Ms. Krushwitz's request for accommodation, some of her professors did, and she performed well in those classes. *Id.* Nonetheless, in March and July 2004, the Chemistry Department Chair, Charles Harris, amended the conditions of readmission, requiring her to pass six core classes with a 3.0 GPA in those classes. *Id.* These additional requirements, together with several of her professors refusing her request for disability accommodation, resulted in her being unable to fulfill the conditions of her readmittance. *Id.*

In January 2005, Graduate Division Dean Mary Ann Mason and the Chemistry Department Chair Charles Harris informed Ms. Krushwitz by letter that she was being dismissed from the PhD program. Krushwitz Decl., ECF No. 37 at 4, 12. Ms. Krushwitz appealed their decision to the Administrative Committee of the Graduate Council. *Id.* at 13. By mid-2005, Ms. Krushwitz had access to one of the medications necessary for controlling ARA's symptoms and performed well in all her classes. Compl., ECF No. 1 at 2. Despite Ms. Krushwitz's illness, and her improving health, the University refused to allow her to take a leave of absence and would not grant her additional semesters to fulfill her course work. *Id.* at 4. On December 20, 2005, Dean Mary Ann Mason notified Ms. Krushwitz that the Administrative Committee of the Graduate Council denied her appeal, that her "dismissal from the doctoral program in the Department of Chemistry, therefore stands, and [that she would] not be eligible to register for the Spring 2006 semester or thereafter." *Id.*; Hawthorne Decl. Ex. C, ECF No. 32 at 8.

In a letter dated December 24, 2005, Ms. Krushwitz asked to have the "Graduate Division decision reviewed by the Academic Senate" and that she be allowed to continue her studies during that review. Suppl. Decl. Ex. E, ECF No. 56 at 30. On January 10, 2006, Dean Mason explained

ORDER (C 11-04676 LB)

3

1 that it was the Administrative Committee of the Graduate Counsel, which made the decision
2 regarding Ms. Krushwitz's appeal, that this was a committee of the Academic Senate, and that this
3 was "the final decision" regarding her appeal. *Id.* at 28.

4 After the University denied her appeal, Ms. Krushwitz unsuccessfully petitioned Robert
5 Birgeneau, the University's Chancellor for readmittance during January and February 2006.
6 Krushwitz Decl., ECF No. 37 at 5; Suppl. Opp'n, ECF No. 56 at 2 (citing *id.* Ex. B (excerpt from
7 letter dated 1/17/2006 from Krushwitz to Birgeneau)). By February 27, 2006, Chancellor Birgeneau
8 considered Ms. Krushwitz "no longer a student at this university" and that "all procedures required
9 by university policy and law have been complied with in regard to Ms. Krushwitz." *See* Suppl.
10 Opp'n Ex. F, ECF No. 56 at 32 (e-mail from Mei-Mei Hong relaying a letter from Chancellor
11 Birgeneau to Assemblywoman Chan and copying Ms. Krushwitz).

12 Ms. Krushwitz also claims that she contacted the University Academic Senate in February 2006
13 and supports this assertion with a document that appears to be notes of conversations Ms. Krushwitz
14 had with various University officials. *Id.* (citing *id.* Ex. C).

15 Until December 2005, Ms. Krushwitz maintained her status as a matriculated graduate student
16 and paid $10,000 in fees to the University. *Id.* Ms. Krushwitz contends that while she was a
17 graduate student, she also was a University employee because core science graduate students teach
18 and produce products in a laboratory. Compl., ECF No. 1 at 3. Since December 20, 2005, Ms.
19 Krushwitz has not worked as a graduate student research assistant. Krushwitz Decl. at 14.

20 **2. Ms. Krushwitz's OCR Complaints**

21 After her dismissal, Ms. Krushwitz filed a complaint with the U.S. Department of Education,
22 Office for Civil Rights ("OCR"). *Id.* at 5, 13. In her declaration, Ms. Krushwitz says that she filed
23 her "timely electronic appeal" on February 6, 2006. *Id.* In her supplemental opposition, Ms.
24 Krushwitz instead asserts that she filed her OCR appeal by submitting an electronic complaint on
25 February 24, 2006. Suppl. Opp'n, ECF No. 56 at 8. In support of that conclusion, she submits a
26 document that is a printed copy of a complete but not yet submitted OCR online complaint form that
27 includes an explanation that after receiving the December 20, 2005 decision, she submitted an
28 appeal to the Chancellor on January 30, 2006 and "[a]s of 24 February 2006 I have not heard from

ORDER (C 11-04676 LB)

4

the Chancellor's office." Suppl. Opp'n Ex. D, ECF No. 56 at 20-26. Ms. Krushwitz apparently asserts that this is the date she filed her OCR complaint and OCR lost her complaint. Suppl. Opp'n, ECF No. 56 at 8. Ms. Krushwitz says that when the OCR did not reply, she contacted the U.S. Department of Justice ("DOJ") in 2006, and DOJ referred her back to the OCR. Krushwitz Decl., ECF No. 37 at 5.

Ms. Krushwitz filed a completed complaint with the OCR on June 6, 2006. *See* Suppl. Request for Judicial Notice ("SRJN"), ECF No. 55, Ex. B; Pl.'s Documents, ECF No. 51, Ex. G.[3] Ms. Krushwitz also gave the OCR consent to release some of her personal information in the course of its investigation. SRJN Ex. C; Pl.'s Documents Ex. J. On June 8, 2006, the OCR sent Ms. Krushwitz a letter confirming that it had received her complaint. SRJN Ex. D; Pl.'s Documents Ex. DD. On July 17, 2006, the OCR advised Ms. Krushwitz that it "is not accepting [her] allegation for investigation and is closing this case as of the date of this letter." SRJN Ex. E, ECF No. 55 at 23; *see also* Conant Decl. Ex. C, ECF No. 33 at 33. In addition, the letter stated "OCR has not yet informed the University that you have filed this complaint." SRJN Ex. E, ECF No. 55 at 24.

On July 20, 2006, Ms. Krushwitz sent a letter to Charles Love, a program manager at the OCR, asking the OCR to reconsider its decision. *See* SRJN Ex. F, ECF No. 55 at 26; *see also* Conant Decl. Ex. C, ECF No. 33 at 33.

On December 18, 2006, Arthur Zeidman, Director of the OCR's San Francisco office, wrote another letter to Ms. Krushwitz denying her request for reconsideration. *See* SRJN Ex. G, ECF No. 55 at 28. In the December letter, the OCR stated that Ms. Krushwitz had also written the OCR on August 2, 2006 with new allegations against the University. *Id.* at 31. The OCR said that these new allegations were untimely filed and declined to investigate them. *Id.* Finally, the letter informed Ms. Krushwitz that she could request reconsideration from the OCR's Headquarters office and provided information on how to file such a request. *Id.*

On January 30, 2007, the San Francisco office of the OCR sent Ms. Krushwitz another letter. SRJN, Ex. H, ECF No. 55 at 33. The OCR explained that Ms. Krushwitz had filed a complaint with

---

[3] The court grants the request for judicial notice in the next section.

ORDER (C 11-04676 LB)

5

the U.S. Department of Justice ("DOJ") on January 3, 2007, and that the DOJ determined it lacked jurisdiction over the complaint and forwarded it to the San Francisco OCR on January 10, 2007. *Id.*[4] OCR also reiterated its previous statement that Ms. Krushwitz's only recourse was to request reconsideration of the San Francisco OCR decision by contacting the Headquarters office. *Id.*

Ms. Krushwitz requested reconsideration from the OCR Headquarters office on August 22, 2007. *See* Pl.'s Documents Ex. K, ECF No. 51-2 at 38; Krushwitz Decl., ECF No. 37 at 5. In her request, Ms. Krushwitz noted that she had learned only recently that the time limit for filing a request for reconsideration with the OCR's Headquarters office was 60 days from the date that OCR San Francisco denied her appeal. *Id.* She also recounted the history of her case, stating "My University appeal was completed on 20 December 2005. I filed my appeal with the U.S. Department of Education within the 190-day requirement, that is, by 06 June 2006 two weeks before the end of the appeal period." *Id.*

The OCR did not respond to Ms. Krushwitz's appeal for 2.5 years. Krushwitz Decl., ECF No. 37 at 5. On March 4, 2009, the Enforcement Director of the OCR's Office of the Deputy Assistant Secretary for Enforcement, wrote to Ms. Krushwitz and informed her that the OCR had denied her appeal. Conant Decl. Ex. C, ECF No. 33 at 32; Pl.'s Documents, ECF No. 51-3 at 14. The Enforcement Director noted that:

> OCR San Francisco has determined that the hearing officer addressed your disability and health concerns and concluded that there was an insufficient factual basis for a claim under Section 504/Title II in that your ARA disease diagnosis was ignored or not considered to the same extent that the Graduate Council considers other mitigating factors in deciding dismissal appeals. OCR San Francisco did not accept your allegation for investigation and closed your complaint via letter on July 17, 2006.

Conant Decl. Ex. C, ECF No. 33 at 32-33. Ultimately, the Enforcement Director stated that she agreed with OCR San Francisco's decision to close her complaint. *Id.* She told Ms. Krushwitz, "[t]his is a final agency determination. You have exhausted all avenues of review and reconsideration within the U.S. Department of Education." *Id.*

---

[4] Ms. Krushwitz seems to have produced the January 10, 2007 letter from the DOJ to the OCR. *See* Pl.'s Documents Ex. S, ECF No. 51-6 at 11.

ORDER (C 11-04676 LB)

6

### 3. Ms. Krushwitz's E.E.O.C. Complaint

In 2009, Ms. Krushwitz again contacted the DOJ. Krushwitz Decl., ECF No. 37 at 6. The DOJ advised her that she should have contacted the Department of Labor. *Id.* Also in spring 2009, Ms. Krushwitz contacted the California Attorney General's Office, which advised her to contact the Equal Opportunity Employment Commission ("E.E.O.C."). *Id.*

On April 29, 2009, Ms. Krushwitz filed an employment discrimination complaint with the E.E.O.C., alleging discrimination in violation of the ADA. *Id.* Ms. Krushwitz claims that the E.E.O.C. "accepted" her case and appealed to the University to readmit her without compensation. *Id.*

In a June 19, 2009 letter, the E.E.O.C. informed Ms. Krushwitz it would serve a copy of her charge upon the University. Suppl. Opp'n Ex. A, ECF No. 56 at 11. The E.E.O.C. served Ms. Krushwitz's complaint on the University on or about June 23, 2009. *See* Hawthorne Decl. ¶ 6, Ex. E, ECF No. 32 at 2, 14; Suppl. Hawthorne Decl. ¶ 4, ECF No. 54 at 2. Still, the University refused to readmit her. Krushwitz Decl., ECF No. 37 at 6. The E.E.O.C. then reviewed her case until she requested a Notice of Right to Sue letter, at which time it forwarded her request to the DOJ for issuance. Compl., ECF No. 1 at 11. On June 22, 2011 the U.S. Department of Justice Civil Rights Division issued Ms. Krushwitz a Notice-of-Right-to-Sue letter, which she claims to have received on June 24, 2011. ECF No. 1 at 5-6. The Notice-of-Right-to-Sue letter, which Ms. Krushwitz attached to her complaint, states "you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, *et seq.*, against the above-named respondent."

## B. Procedural Background

Ms. Krushwitz filed this lawsuit on September 21, 2011. ECF No. 1. Liberally construing her *pro se* complaint, she alleges that her termination from the program violates Title VII, the ADA, and Section 504 of the Rehabilitation Act. *See* ECF No. 1 at 1, 5; *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (federal courts must liberally construe *pro se* pleadings). The University filed a timely answer. *See* Answer, ECF No. 12. On April 13, 2012, the court sent Ms. Krushwitz a notice regarding the legal help desk, a handbook for litigants without a lawyer, and the legal standards for

ORDER (C 11-04676 LB)

7

summary judgment motions. *See* ECF No. 25. On May 25, 2012, the University filed its motion for summary judgment. ECF No. 31. The court held a hearing on July 5, 2012 and ruled that a two-year statute of limitations applied to Krushwitz's section 504 claim. *See* Order, ECF No. 48 at 8-9 (analyzing relevant case law). It ordered supplemental briefing regarding whether the statute of limitations for the ADA claim is two or three years. Order, ECF No. 48 at 12. It also ordered supplemental briefing on the effect of equitable tolling on the ADA and section 504 claims. *Id.* The court ruled at the hearing that the employment claims were barred under the statute of limitations and that the OCR appeal process did not toll the statute of limitations, but it allowed supplemental briefing on any argument by Ms. Krushwitz that equitable tolling applied because she did not learn of the E.E.O.C. remedy until 2009. *Id.*

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosures on file, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id.* at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *See id.* at 248-49.

The party moving for summary judgment has the initial burden of identifying those portions of the pleadings, discovery and disclosures on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where, as here, the moving party bears the burden of proof at trial, the moving party must establish beyond controversy every element of its defense. *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). "In considering a motion for summary judgment, the court may not weight the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non- moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). Thus, viewing the evidence in the light most favorable to Ms. Krushwitz, this court must determine whether disputes exist as to any material fact, and whether the University is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *S. California Gas Co.*, 336 F.3d at 888.

ORDER (C 11-04676 LB)

1    To meet this burden, the nonmoving party must come forward with admissible evidence. Fed. R.
2 Civ. P. 56(e). Conclusory or speculative testimony in affidavits and moving papers is not sufficient
3 to defeat summary judgment. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.
4 1979). Moreover, the court should "refuse[]to find a 'genuine issue' where the only evidence
5 presented is "uncorroborated and self-serving testimony." *Villarimo v. Aloha Island Air, Inc*., 281
6 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.
7 1996)).

## IV.  DISCUSSION

### A. Requests for Judicial Notice

#### 1. The University's Requests

The University requests that the court take judicial notice of electronic and paper correspondence between Ms. Krushwitz and the OCR dated June 6, 2006 (SRJN Exs. B & C), June 8, 2006 (SRJN Ex. D), June 17, 2006 (SRJN Ex. E), July 20, 2006 (SRJN Ex. F), December 18, 2006 (SRJN Ex. G), and January 30, 2007 (SRJN Ex. H).

Federal Rule of Evidence ("FRE") 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Records, reports, and other documents on file with administrative agencies – such as the OCR – are judicially noticeable. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 954 n.6 (9th Cir. 2009); *Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043-45 (S.D. Cal. 2006).

The University received these documents from the OCR in response to a Freedom of Information Act request for information related to Ms. Krushwitz's OCR case number. *See* Hawthorne Decl. ¶ 5, Ex. C, ECF No. 54 at 2, 12; SRJN, ECF No. 55 at 2-3, 9. Many of the redacted documents correspond to unredacted documents that Ms. Krushwitz produced in discovery and filed with the court. *See* Plaintiff's Documents, ECF No. 51 Exs. G, J, CC, DD; SRJN, ECF No. 55, ¶ 1. All bear the OCR Case/Docket Number reference 09-06-2129, which is the OCR case number for Ms.

ORDER (C 11-04676 LB)

9

Krushwitz's complaint. *See also id.* ¶ 2, Ex. A, ECF No. 55 at 2-3, 7, 9. In addition, Ms. Krushwitz's August 22, 2007 letter describes several enclosures that she did not attach but which reference several of the documents contained in the request for judicial notice. *Compare* Pl.'s Documents, ECF No. 51-2 at 40 *with* SJRN, Ex. D, E, G.

Ms. Krushwitz does not object to the request, the documents are not subject to reasonable dispute in that they are capable of accurate and ready determination, and the court takes judicial notice of the documents.[5]

### 2. Krushwitz's Requests for Judicial Notice

The University objects to consideration of the exhibits attached to Ms. Krushwitz's Supplemental Opposition Brief because she did not provide a declaration authenticating them. *See* Suppl. Reply, ECF No. 57 at 6 n.1. The court did tell Ms. Krushwitz that she needed to submit exhibits via a declaration. Still, the documents generally are the same sorts of records (either admissions from the University or administrative records). Like the University's proffered documents, they are capable of authentication as business or public records. The University does not challenge them as inaccurate and raised an objection only in a footnote. The records do not change the outcome. The court denies the University's objection as moot.

### B. Timeliness of Filing Employment Discrimination Claims with the E.E.O.C.

Liberally construed, Ms. Krushwitz's complaint charges that her termination from the Chemistry program violated the employment discrimination provisions of Title VII and the ADA. *See* Compl., ECF No. 1 at 1 (referring to Title VII), 10 (Notice-of-Right-to-Sue letter referencing Title I of the ADA). The University responds that Ms. Krushwitz's claims are barred because she did not file a timely discrimination claim with the E.E.O.C. Mot. Summ. J., ECF No. 31 at 5.

Under either the ADA's employment discrimination provisions or under Title VII, before filing suit, a plaintiff must timely file a discrimination charge with the E.E.O.C. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5; *see Lutz v. Glendale Union High School*, 403 F.3d 1061, 1067 (9th Cir. 2005).

---

[5] The documents could be authenticated easily by a custodial declaration from the OCR. Any statements by Ms. Krushwitz also are admissions and not hearsay. Under the circumstances, the absence of an objection to easily-authenticated records of the OCR makes sense.

ORDER (C 11-04676 LB)

10

Filing a timely charge is a statutory condition that must be satisfied before filing suit in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). In order to be timely, the plaintiff must file a discrimination charge with the E.E.O.C. within 180 days after the alleged violation. 42 U.S.C. § 2000e-5(e). If the plaintiff files a charge with an appropriate state agency, he or she must file the charge within 300 days after the alleged violation. *Douglas v. California Dept. of Youth Auth.*, 271 F.3d 812, 823, *amended*, 271 F.3d 910 (9th Cir. 2001).

Ms. Krushwitz filed her E.E.O.C. claim on April 29, 2009. Conant Decl., ECF No. 33 at 32; Krushwitz Decl., ECF No. 37 at 8, 14. The University argues that Ms. Krushwitz should have – and did not – file a discrimination charge with the E.E.O.C. within 180 days of January 9, 2005, the date that the University notified her of her dismissal. Mot. Summ. J., ECF No. 31 at 6.

Ms. Krushwitz counters that the 180-day period began, at the earliest, on December 20, 2005, when her appeal of that decision was finally denied by the Administrative Committee of the Graduate Council. Opp'n, ECF No. 36 at 7; Krushwitz Decl., ECF No. 37 at 8. Ms. Krushwitz then asserts that her dismissal was final only as of January 2006 (when the University chancellor decided not to intervene on her behalf) and that her February 2006 appeal to the OCR tolled the time to file her complaint with the E.E.O.C. Krushwitz Decl., ECF No. 37 at 8. The OCR denied her appeal on March 4, 2009, and she filed her E.E.O.C. claim less than two months later on April 29, 2009. Conant Decl., ECF No. 33 at 32; Krushwitz Decl., ECF No. 37 at 8, 14. Alternatively, she asserts that the equitable tolling doctrine excuses her timely failure to file with the E.E.O.C. Krushwitz Decl., ECF No. 37 at 8.

Ms. Krushwitz should have filed her charge with the E.E.O.C. within 180 days of January 9, 2005. *See* 42 U.S.C. § 2000c-5(e); *Delaware State College v. Ricks*, 449 U.S. 250, 262 (1980); *Johnson v. Lucent Techns., Inc.*, 653 F.3d 1000, 1009) (9th Cir. 2011). Even if the date was December 20, 2005, April 29, 2009 was too late. Pursuing the case with the OCR does not change the analysis. First, pursuing cases with a state or local fair employment agency – as opposed to another federal agency – tolls the 180-day period. *See* 42 U.S.C. § 2000e-5(e)(1) (providing tolling period when aggrieved party elects to file charges initially with a state or local fair employment agency); *see International Union of Elec. Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins*

1 *& Myers*, 429 U.S. 229, 236 (1976) (pursing alternative remedy under a collective bargaining
2 agreement does not toll the time period to file E.E.O.C. charges). Second, the OCR issued its final
3 decision on March 4, 2009. Conant Decl., ECF No. 33 at 32. Ms. Krushwitz filed her E.E.O.C.
4 charge on April 29, 2009. Krushwitz Decl., ECF No. 37 at 14. Even if filing with the OCR operated
5 like filing with a state agency, Ms. Krushwitz's E.E.O.C. complaint would still be untimely because
6 it was not filed within the earlier of (I) 300 days after the alleged unlawful employment practice
7 occurred, or (ii) 30 days after receiving notice that the state or local agency terminated proceedings.
8 42 U.S.C. § 2000e-5(e)(1).

9 Ms. Krushwitz next argues that the equitable tolling doctrine extended the time for her to file her
10 E.E.O.C. complaint.

11 Equitable tolling may extend the time periods for filing a lawsuit or an agency complaint (such
12 as the E.E.O.C. complaint here) if (1) the plaintiff's ignorance of the existence of a claim within the
13 limitations period is excusable, and (2) there is no prejudice to the defendant. *See Johnson v.*
14 *Henderson*. 314 F.3d 409, 4141 (9th Cir. 2002); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178
15 (9th Cir. 2000). Equitable tolling applies when – despite all due diligence – the plaintiff is unable to
16 obtain vital information bearing on the existence of her claim. *Santa Maria*, 202 F.3d at 1178. The
17 test is whether a reasonable plaintiff would not know of the existence of a claim within the statute of
18 limitations period. *Id.*

19 As set forth in the facts section, Ms. Krushwitz says that she learned of the E.E.O.C. remedy
20 only in spring 2009 from the California Attorney General's Office, and then she filed her E.E.O.C.
21 complaint on April 29, 2009. Krushwitz Decl., ECF No. 37 at 5-6. She says the E.E.O.C. pursued
22 her case for her and that she did not have to file her federal lawsuit until after she received her right-
23 to-sue letter on June 21, 2011. *Id.* She asserts that her ignorance of the E.E.O.C. remedy is
24 excusable for several reasons. *See* Krushwitz Decl., ECF No. 37 at 7. *Id.* One reason is that her
25 illness hampers her ability to review her legal options. Krushwitz Decl., ECF No. 37 at 7. She also
26 argues that others are to blame for her ignorance in that she was not given the best advice either by
27 the OCR, the DOJ, or Dr. Derek Coates at the University. All failed to tell her that she should
28 contact the E.E.O.C. *Id.* at 6-8. For example, she says that she spoke with the DOJ in 2006, and

they failed to advise her to contact the Department of Labor. Krushwitz Decl., ECF No. 37 at 6.[6]

In *Santa Maria*, the Ninth Circuit reversed as an abuse of discretion a district court's application of the equitable tolling doctrine because the plaintiff "knew or should have known of the possible existence of a disability discrimination claim the day he was fired." 202 F.3d at 1178. In that case, the plaintiff knew that he had a disability, that his employer knew of his disability and continued treatment, that his employer had been in contact with his physician, that his performance suffered as a result of his disability, and that his employer fired him just four months after he returned from disability leave. *Id.*

Ms. Krushwitz's circumstances are similar to those in *Santa Maria*. Ms. Krushwitz and the University knew she had a disability for which she was being treated. In fact, Ms. Krushwitz alleges that she requested – and was denied – reasonable accommodation from the University. Like the Plaintiff in *Santa Maria*, Ms. Krushwitz should have been aware of her possible claim as soon as the adverse action occurred on January 9, 2005. Her other explanations do not change this result.

First, according to her declarations, the bad advice that Ms. Krushwitz allegedly received was in 2006. *See supra* pages 4-5 (discussing how DOJ should have told her in 2006 to contact the E.E.O.C.) But the 180 days started on January 9, 2005 and had run by 2006. Thus, the bad advice came too late to do any harm. Even if the 180-day period began in 2006 and was tolled for some period, a 180-day period starting then also is long past. Ms. Krushwitz's citation of *Iturribarria v. INS*, 321 F.3d 889 (9th Cir. 2003), does not alter the analysis. That case involves a lawyer who tricked his non-English speaking client into signing an affidavit taking the blame for an untimely filing that resulted in the court's terminating his deportation case. His attorney's malfeasance meant that the court excused the untimely filing and permitted the petitioner to file a motion to set aside the default. *See* 321 F.3d at 892-93, 899. That situation has nothing to do with this one. The court in any event sees no obligation of any of the agencies post-2006 (or even before) to point Ms.

---

[6] The court previously rejected Ms. Krushwitz's argument that her pursuit of her OCR complaint tolled the time period for filing her E.E.O.C. complaint. Thus, it is irrelevant that the OCR delayed ruling on Krushwitz's 2006 appeal until March 4, 2009. *See* Compl. ECF No. 1 at 7 and Krushwitz Decl., ECF No. 37 at 5 (OCR responded to her only after Sen. Dianne Feinstein intervened on her behalf).

ORDER (C 11-04676 LB)

13

Krushwitz to the E.E.O.C.

Second, Ms. Krushwitz has not shown that her poor health is the kind of situation – like a mental disability where a plaintiff cannot engage in rational thought and deliberate decisionmaking – that excuses her ignorance or made her unable to pursue her lawsuit. *See Johnson v. Lucent Technologies Inc.*, 653 F.3d at 1010; *Melendez-Arroyo v. Cutler-Hammer de Puerto Rico Co., Inc.*, 273 F.3d 30, 37-38 (1st Cir. 2001) (addressing 300-day period for filing claim with the E.E.O.C.). The court notes Ms. Krushwitz's filing of pleadings, engaging in discovery, and engagement with several administrative agencies during her challenges to her dismissal.

Thus, nothing excuses Ms. Krushwitz's failure to file a complaint with the E.E.O.C. within 180 days after January 9, 2005. Ms. Krushwitz's late-filed 2009 E.E.O.C. complaint does not toll the statue of limitations.

## C. Timeliness of the Non-Employment Claims and Effect of the OCR Complaint

The University argues that the statute of limitations bars Ms. Krushwitz's non-employment disability discrimination claims – meaning, claims based on her status as a dismissed graduate student as opposed to a dismissed employee – under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Mot., ECF No. 31 at 8. Ms. Krushwitz responds that her filing of her complaint with the OCR operates to equitably toll the statute of limitations and that she did not have to file her federal lawsuit until after the OCR issued its final denial of her appeal on March 4, 2009. Opposition, ECF No. 36 at 5.

### 1. Statute of Limitations

The ADA and the Rehabilitation Act do not contain statutes of limitations, and thus the court applies the statute of limitations of the most analogous state law. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (2004)); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir. 2000); *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir. 1987) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975)).

The Ninth Circuit has applied California's personal injury statute of limitations to civil rights cases. *See Stanley v. Trustees of the California State University*, 433 F.3d 1129, 1134 (9th Cir.

2006) (applying to a Title IX case and collecting cases applying the statute to other civil rights cases). The Ninth Circuit has applied it to a Section 504 Rehabilitation Act claim based in part or in whole on the parties' agreement that it applied. *See Douglas v. California Dept. of Youth Auth.*, 271 F.3d 812, 823 & n.11 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001); *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135-36 (9th Cir. 2001) (collecting out-of-circuit cases holding that the forum state's personal injury statute applies to section 504 claims, observing that district courts have adopted this view, and declining to reach the issue as unnecessary to its holding). District courts generally apply the two-year statute to section 504 claims, and this court adopts that approach. *See Brown v. Napa Valley School Dist.*, No. C-11-5673 JCS, 2012 WL 1831539, *5-*6 (N.D. Cal. May 18, 2012).

The case law is more unclear about whether the two-year statute applies to the ADA claim. *See id.* at *8-*10 (collecting cases, noting that some district courts apply California's two-year statute of limitations for personal injury cases, and determining nonetheless that the state statutory equivalent of a Title II ADA claim is California Civil Code § 54.1, the Disabled Persons Act, which has a three-year statute of limitations); *cf. Pickern*, 293 F.3d at 1137 n.2 (assuming without deciding that two-year statute of limitations applied to an ADA claim). The University asserts that *Stanley* provides stronger authority for applying a two-year statute than the unpublished *Brown* decision that applies a three-year statute. Section 504 prevents employers and organizations from denying individuals with disabilities an equal opportunity to receive program benefits and services. Ms. Krushwitz challenges the denial of an equal opportunity to obtain a graduate degree because she was not given additional accommodations. Thus, the University concludes, applying the statute's two-year personal-injury statute of limitation is the most consistent approach both with the facts of this case and circuit decisions applying such personal-injury statutes of limitation to statutory discrimination claims when the statutes themselves are silent. Supp. Brief, ECF No. 53 at 2 n.1.

Regardless of whether the statute of limitations is two or three years for the ADA claim, all federal claims are barred under the statute of limitations because Ms. Kruswitz filed her lawsuit on September 21, 2011, over six years after the University's allegedly unlawful act on January 9, 2005. Ms. Krushwitz's pursuit of other remedies does not establish equitable tolling that alters that

ORDER (C 11-04676 LB)

15

conclusion.

Federal law determines when a cause of action accrues and the state statute of limitations begins to run. *See Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir. 1981). A cause of action accrues, and the statute begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 554-55 (9th Cir. 1987). In this case, as discussed above, that date was January 9, 2005. (Even if it were December 20, 2005, the date the University notified Ms. Krushwitz that it denied her appeal, the outcome is unchanged.) The issue is whether Ms. Krushwitz's request for relief from the University chancellor and her subsequent OCR complaint equitably toll the statute of limitations.

"A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). In the absence of a federal rule (which is true here), "[a]long with the limitations period, the court borrows the state's equitable tolling rules, absent a reason not to do so." *Daviton*, 241 F.3d at 1135; *Brown*, No. C-11-5673 JCS, 2012 WL 1831539, at *6, *10 (quoting *Daviton*, 241 F.3d at 1135, and applying equitable tolling to section 504 claim and ADA claim). In California, the rule is that when exhaustion of administrative remedies is a prerequisite to a civil action, the limitations period is suspended during the administrative proceedings. *Brown*, No. C-11-5673 JCS, 2012 WL 1831539, at *6 (quotation and California case citations omitted). "[R]egardless of whether exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled when an injured person has several remedies and, reasonably and in good faith, pursued one." *Id.*

There are three time periods where the statute of limitations period arguably is tolled for these non-employment claims. The first is the period from January 9, 2005 (the dismissal date) to December 20, 2005 (the University's denial of Ms. Krushwitz's appeal). The court finds that this

ORDER (C 11-04676 LB)

16

period is excluded from the statute of limitations.[7] The second is from December 20, 2005 through her petition to the University Chancellor in January and February 2006 (with an end date of February 24, 2006). The third is the period during which Ms. Krushwitz pursued her complaint with the OCR.

As to the second period, the December 20, 2005 letter advised Ms. Krushwitz that her appeal was denied and that she was not eligible to register for the Spring 2006 semester or after. Supp. Decl., Ex. E, ECF No. 56 at 30; *see also id.* at 28 (appeal is final). Ms. Krushwitz's petition to the Chancellor was not a remedy actual available to her. *See Brown*, No. C-11-5673 JCS, 2012 WL 1831539, at *6. The court does not exclude the time from December 20, 2005 to February 24, 2006.

As to the period of the OCR complaint, Ms. Krushwitz argues that the statute of limitations should be equitably tolled from the date she filed her OCR complaint in February 2006 to March 13, 2009, when the OCR rejected her appeal. *See* Suppl. Opp'n, ECF No. 56 at 2, 8-9. The University counters that equitable tolling does not apply because it was not notified of the administrative appeals and that Ms. Krushwitz's claims are barred in any event. Mot., ECF No. 53 at 5.

Under 34 C.F.R. § 105.41, the OCR processes complaints under procedures established by the E.E.O.C. in 29 C.F.R. part 1613 pursuant to section 501 of the Rehabilitation Act. Complaints must be filed within 180 days of the date of the alleged act of discrimination, and the OCR "may extend the time period for good cause." As discussed above, *Brown* and *Daviton* establish that equitable tolling can be appropriate while a plaintiff pursues a complaint with the OCR. *See Brown*, No. C-11-5673 JCS, 2012 WL 1831539, at *6 (applying equitable tolling to section 504 claim), *10 (applying tolling to ADA claim).

Ms. Krushwitz originally said that she filed her OCR complaint on February 6, 2006. *See* Krushwitz Decl., ECF No. 37 at 5, 13. She now produces what appears to be a computer printout of a webpage that contains an explanation that she "submitted an appeal [of the December 20, 2005 decision] to Chancellor dated 30 January 2006. Chancellor reviewed information with a colleague on 10 February 2006. As of 24 February 2006 I have not heard from the Chancellor's office."

---

[7] The federal cases toll the statute for administrative proceedings.

ORDER (C 11-04676 LB)

17

1  Suppl. Opp'n Ex. D, ECF No. 56 at 20. Assuming that the document is admissible, it does not
2  establish that Ms. Krushwitz submitted her OCR Complaint on February 24, 2006. It is just a
3  computer print out that shows that date as a reference point. By contrast, the uncontroverted record
4  from OCR shows that Ms. Krushwitz filed her OCR complaint on June 6, 2006. *See* SRJN, ECF No.
5  55.

6  Accordingly, the court finds that the statute of limitations on Ms. Krushwitz's claims ran from
7  December 20, 2005 to June 6, 2006, a total of 168 days. (The court notes that if Ms. Krushwitz had
8  submitted a sworn declaration that she submitted the OCR complaint on February 24, 2006, 102
9  extra days would be added to the statute of limitations clock.)

10 The court assumes that the statute of limitations clock stopped from June 6, 2006 until December
11 18, 2006, the date the OCR denied her request for reconsideration of its denial of her complaint. She
12 waited until August 22, 2007 to appeal the decision, and thus the statute of limitations ran for
13 another 247 days. *See Brown*, 2012 WL 1831539, at *6.

14 The court assumes that the clock stopped again from August 22, 2007 to the OCR's final denial
15 on March 4, 2009. The clock then ran from March 4, 2009. Assuming a three-year statute of
16 limitations (and it may be two), the statute of limitations expired on January 13, 2011.[8] (With the
17 extra 102 days assuming an OCR complaint filed on February 24, 2006, the statute of limitations
18 expired on April 25, 2011.) Ms. Krushwitz filed this lawsuit on September 21, 2011. Her claims are
19 barred.

## V. CONCLUSION

21 The court GRANTS the University's motion for summary judgment.
22 . This disposes of ECF No. 31.
23 **IT IS SO ORDERED.**

LAUREL BEELER
United States Magistrate Judge

---

[8] The court reaches this date as follows: 3 years (1095 days) - 168 days - 247 days = 680 days remaining as of March 4, 2009. 680 after March 4, 2009 is January 13, 2011.

ORDER (C 11-04676 LB)

18